CAMILO ECHAVARRIA (State Bar No. 192481)
  camiloechavarria@dwt.com
TERESA FITZGERALD (State Bar No. 152558)
  teresafitzgerald@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA RENTERIA,<br><br>            Plaintiff,<br><br>    v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**<br><br>[Filed concurrently with Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement]<br><br>State Action Filed:  May 20, 2022 |

DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant and Petitioner DOLLAR TREE STORES, INC. ("Defendant" or "Dollar Tree"), hereby removes to this Court the state court action described below. In support of this Notice of Removal, Defendant alleges as follows:

1. On or about May 20, 2022, plaintiff Lydia Renteria ("Plaintiff") filed the above-captioned action (Civil Case No. 22CECG01544) in the Superior Court of the State of California, County of Fresno ("State Action"). A true and correct copy of the Complaint in the State Action ("Complaint") is attached hereto as **Exhibit A**. The Complaint alleges four employment-related claims.[1] In addition to the named defendant Dollar Tree Stores, Inc., the Complaint included fictious defendants Does 1 to100.

2. On May 27, 2022, Plaintiff served Defendant with the State Action. A true and correct copy of the Proof of Service of Process is attached hereto as **Exhibit B**. Accordingly, this Notice of Removal is timely filed within the 30-day period set forth in 28 U.S.C. § 1446(b), and removal is proper. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from service of summons and complaint); *see also Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) (defendant could remove state court action to federal court after lawsuit was filed but before it was formally served).

3. Does 1 through 100 have not yet been served, and because the Does are fictitious, their consent to joinder in removal is not necessary. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal),

---

[1] The claims are: (1) employment discrimination; (2) failure to engage in timely good faith interactive process; (3) failure to provide reasonable accommodation; and (4) failure to take all reasonable steps necessary to prevent discrimination.

1
DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*superseded by statute on other grounds as stated in Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

## DIVERSITY JURISDICTION

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Because the State Action is pending in Imperial County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

5. <u>Plaintiff Lydia Renteria's Citizenship</u>: As stated in Paragraph 1 of Plaintiff's Complaint: "Plaintiff…is a resident of Fresno County, California." (*See* Ex. A [Complaint] at ¶ 2.) Plaintiff worked for Defendant for over six years (*See* Ex. A [Complaint] at ¶¶ 7-9), and Defendant's records show that she is a resident and citizen of California. At all relevant times, Plaintiff worked for Defendant in the City of Sanger, Fresno County, California.

6. <u>Defendant Dollar Tree Stores, Inc.'s Citizenship</u>: For purposes of determining citizenship of a corporation, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Defendant was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Virginia. (*See also* Ex. A [Complaint] at 2:2-3.) As the Supreme Court has held, a corporation's principal place of business is where "the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . the 'nerve center' will typically be found at a corporation's headquarters." *Hertz*

DEFENDANT'S NOTICE OF REMOVAL                              2

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted).  Dollar Tree maintains its headquarters in Chesapeake, Virginia.  Dollar Tree's officers and directors, including the executive officers, legal department and human resources department, and many other employees, work and direct the operations of Dollar Tree from the corporate headquarters and systems operation control, which are located in Chesapeake, Virginia.  Accordingly, for purposes of jurisdiction under 28 U.S.C. § 1332(a), Dollar Tree is a citizen of the State of Virginia.  Dollar Tree is not now or at the time of filing a citizen of the State of California; Dollar Tree's high level officers do *not* direct, control and coordinate the operations of Dollar Tree from California.

8. Therefore, there is complete diversity between the parties who have been served for purposes of removal.  *See* 28 U.S.C. §1441(b).

9. <u>Amount in Controversy</u>:  With respect to the amount in controversy, the threshold amount is satisfied in this action.  In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assum[e that] a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citation omitted; internal quotations omitted).  In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000.  *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (citation omitted; internal quotations omitted).  The amount in controversy "reflects the maximum recovery the plaintiff could reasonably recover."  *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (*citing Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018).)  Certain allegations, separately and together, sufficiently satisfy the amount in controversy requirement and confirm that Plaintiff seeks an excess of $75,000.

3
DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1         a.        First, the Complaint seeks to recover <u>compensatory damages</u>.  (*See* Ex.
2 A [Complaint], Prayer at 7:3, 10, 17, 24.)  Plaintiff's employment ended on or about
3 March 6, 2021.  (*See* Ex. A [Complaint] at ¶ 15.)  At the time of her termination,
4 Plaintiff earned an hourly wage of $14.00 per hour.  As a parttime employee, Plaintiff
5 could work up to 30 hours a week.  Plaintiff's employment ended on March 6, 2021.
6 Thus, Plaintiff's lost wages based on her hourly salary at the time of discharge to the
7 filing of this Removal is approximately $28,560.

8         b.        Second, Plaintiff's claim for <u>compensatory damages</u> includes
9 emotional distress damages.  (*See* Ex. A [Complaint] at ¶¶ 32, 41, 47, 51 and Prayer
10 at 7:3, 10, 17, 24.)  Emotional distress damages have value for purposes of
11 determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d
12 976, 980 (9th Cir. 2005) (emotional distress damages of at least $25,000 considered
13 in calculating amount in controversy).  As district courts in California have
14 recognized, emotional distress damages in discrimination cases can be "substantial,"
15 even when lost wages fall short of the jurisdictional minimum.  *See, e.g.*, *Simmons v.*
16 *PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (even though plaintiff
17 worked for four months, court cited to $3.5 million pain and suffering award in
18 employment discrimination case as indication that "emotional distress damages in a
19 successful employment discrimination case may be substantial"); *see also Vasquez v.*
20 *Arvato Digital Servs., LLC*, No. CV-11-02836- RSWL (AJWx), 2011 U.S. Dist.
21 LEXIS 69154, at *7-11 (C.D. Cal. June 27, 2011) (in a discrimination case, finding
22 amount in controversy more likely than not exceeded $75,000 based on claim for
23 $25,171 of lost wages, where plaintiff also sought attorneys' fees, punitive damages,
24 and emotional distress damages).

25         c.        Third, Plaintiff seeks to recover her <u>attorneys' fees and costs</u> as
26 provided per statute under all four causes of action alleged in the Complaint.  (*See*
27 Ex. A [Complaint], ¶¶ 33, 42, 48, 52 and Prayer at 7:5, 12, 19, 26.)  *See, e.g.,*
28 *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (attorneys'

DEFENDANT'S NOTICE OF REMOVAL

4

1  fees are properly included in the amount in controversy); *Galt G/S v. JSS*
2  *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an
3  underlying statute authorizes an award of attorneys' fees, either with mandatory or
4  discretionary language, such fees may be included in the amount in controversy");
5  *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992) (holding plaintiffs'
6  pro rata share of statutory attorneys' fees included in jurisdictional amount).  Here,
7  Plaintiff seeks attorneys' fees under various statutes, including California Labor Code
8  § 1102.5, which contains a prevailing party attorneys' fees provision.  As courts in
9  this district have stressed, litigating employment cases "will undoubtedly require
10 substantial effort from counsel" and "attorneys' fees in individual discrimination
11 cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at 1035.  Reasonable
12 attorneys' fees for a successful employment case through trial could not possibly be
13 less than $75,000.  *See id.* at 1034 (attorneys' fees "necessarily accrue until the action
14 is resolved").

15         Thus, based on the nature of Plaintiff's allegations, the extent and number of
16 claims asserted, and the relief sought by Plaintiff in the Complaint – including past
17 and future lost employment wages and benefits, emotional distress damages, and
18 attorneys' fees – it is apparent that the amount in controversy well exceeds $75,000.
19 *See, e.g.*, *White*, 319 F.3d at 674-76 (affirmed district court determination that it was
20 facially apparent that the jurisdictional amount was satisfied based on a request for
21 compensatory damages, punitive damages, and attorneys' fees); *Luckett*, 171 F.3d at
22 298 (jurisdictional amount satisfied based on damage claims for "property, travel
23 expenses, an emergency ambulance trip, a six day stay in the hospital, pain and
24 suffering, humiliation, and her temporary inability to do housework").  To be sure,
25 the average compensatory damage award for similar cases in California over a five-
26 year period from 1992 to 1996 totaled $395,197, with a median award of $184,000.
27 *See* David J. Jung, <u>Jury Verdicts in Wrongful Termination Cases</u> § IV.D. Table 3
28 (Univ. of Cal. Hastings Coll. of the Law Pub. Law Research Inst., 1997).  Here,

DEFENDANT'S NOTICE OF REMOVAL

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

combining Plaintiff's claims for lost earnings, emotional distress damages, civil penalties, and wage and hour penalties, and attorneys' fees, the jurisdictional minimum is satisfied. *See Simmons*, 209 F. Supp. 2d at 1035 (in a discrimination case, finding amount in controversy satisfied where plaintiff alleged attorneys' fees and damages, including compensatory and emotional distress damages).

10. As there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) and it is removable under 28 U.S.C. § 1441.

## MISCELLANEOUS

11. Because the State Action is pending in Fresno County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

12. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because Plaintiff was employed within this District and thus, a substantial part of the events or omissions giving rise to Plaintiff's Complaint took place in this District.

13. The following constitutes all of the process, pleadings, or orders received or served by Defendant or otherwise found in the State Action court file, and available to Defendant at the time of the filing of this removal. True and correct copies are attached:

| | | |
|---|---|---|
| Ex. A | Plaintiff's Complaint for Damages; |
| Ex. B | Plaintiff's Proof of Service of Process; |
| Ex. C | Defendant Dollar Tree's Answer; and |
| Exs. D - F | The remainder of the State Court file. |

14. Concurrently with the filing of this Notice, Defendant has provided written notice of removal to all adverse parties and has filed a copy of this Notice of Removal with the Clerk of the Fresno County Superior Court.

6

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

15. Defendant has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

Based on the foregoing, Defendant hereby removes this action from the Fresno County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: June 27, 2022

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
TERESA FITZGERALD

By: _____
    Camilo Echavarria

Attorneys for Defendant
DOLLAR TREE STORES, INC.

7

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TABLE OF ATTACHED EXHIBITS**

| Exhibit | Description | Page No. |
|---|---|---|
| A | Plaintiff's Complaint | 2-9 |
| B | Plaintiff's Notice of Service of Process | 11 |
| C | Defendant's Answer to Plaintiff's Complaint | 13-20 |
| D | Civil Case Cover Sheet for Plaintiff's Complaint | 22-23 |
| E | Summons for Plaintiff's Complaint | 25 |
| F | Notice of Case Management Conference and Assignment of Judge for All Purposes in State Court Action | 27 |

DATED: June 27, 2022

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
TERESA FITZGERALD

By: _____
     Camilo Echavarria

Attorneys for Defendant
DOLLAR TREE STORES, INC.

8

DEFENDANT'S NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# PROOF OF SERVICE BY U.S. MAIL

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

  On June 27, 2022, I served the foregoing document(s) described as:

**DEFENDANT DOLLAR TREE STORES, INC.'S NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (DIVERSITY)**

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

| | |
|---|---|
| Joseph Gross<br>Frontier Law Center<br>23901 Calabasas Road, Suite 2074<br>Calabasas, CA 91302 | Tel: 818.914.3433<br>Email: joseph@frontierlawcenter.com |

Attorneys for Plaintiff Lydia Renteria

☒ I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

  Executed on June 27, 2022, at Los Angeles, California.

☒ Federal  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| | |
|---|---|
| Monica Davis | *(signature)* |
| Print Name | Signature |

PROOF OF MAIL SERVICE

Block DocID

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899