# EXHIBIT A

Joseph A. Gross (332258)
Joseph@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorneys for Plaintiff
Lydia Renteria

E-FILED
5/20/2022 10:44 AM
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF FRESNO

LYDIA RENTERIA, an individual,

        Plaintiff(s),

        v.

DOLLAR TREE STORES, INC., a Virginia Corporation doing business in California; and DOES 1 to 100, inclusive,

        Defendants.

NO. 22CECG01544

COMPLAINT

1. Employment Discrimination (Gov. Code §12940(a));
2. Failure to Engage in a Timely Good Faith Interactive Process (Gov. Code §12940(n));
3. Failure to Provide Reasonable accommodation (Gov. Code §12940(m));
4. Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring (Gov. Code §12940(k)); and

///

///

PRELIMINARY ALLEGATIONS

-1-
COMPLAINT

1.     Plaintiff LYDIA RENTERIA ("Plaintiff") is a resident of Fresno County, California.

2.     Defendant DOLLAR TREE STORES, INC., ("Dollar" or "Defendant") is a Virginia corporation, doing business in Fresno County, California.

3.     Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

4.     All named and Doe defendants are collectively referred to as "Defendants."

5.     Plaintiff is informed and believes that each of the Defendants was the agent or employee of the other Defendants and acted in the scope of agency or employment.

6.     On or about March 30, 2022, Plaintiff exhausted her administrative remedies by filing a Complaint of Employment Discrimination before the California Department of Fair Employment & Housing ("DFEH") regarding the claims alleged herein against Defendants. The DFEH issued an immediate right-to-sue on March 30, 2022.

## FACTUAL ALLEGATIONS

7.     Plaintiff began her employment with Family Dollar Tree in 2014.

8.     In July 2019, Family Dollar Tree became Dollar Tree Stores, Inc; Defendants remained employed by Defendant at this time.

9.     Defendants terminated Plaintiff's employment on March 6, 2021.

10.     At the time of her termination, Plaintiff was considered a "part-time" employee.

11.     Throughout her employment, Plaintiff performed her job competently, and was never written up for misconduct.

12.     In February 2021, Plaintiff was diagnosed with cellulitis; a common bacterial skin infection that causes redness, swelling, and pain in the infected area of the skin.

13.     Untreated, cellulitis can spread and cause serious health problems.

14.     In February 2021, Plaintiff informed Defendants that she would require time off to address her cellulitis.

15.     In February 2021, Plaintiff provided Defendants with a doctor's note indicating that she

1  would need time off work to address her cellulitis.

2  16.    Defendants proceeded to harass Plaintiff, demanding that she support her absences at an
3  unreasonable frequency.

4  17.    Between February 2021, and March 1, 2021, Defendants demanded that Plaintiff provide
5  six (6) doctor's notes excusing her from work; Plaintiff provided these doctor's notes as requested.

6  18.    On March 1, 2021, Plaintiff provided Defendants with a doctor's note that excused her from
7  work until March 15, 2021; Plaintiff was still recovering from her cellulitis.

8  19.    On March 6, 2021, while Defendants were aware that Plaintiff was on a medical leave of
9  absence, Defendant's terminated Plaintiff for excessive absences – absences which were supported
10  by numerous doctor's notes that Plaintiff had provided to Defendants.

11  20.    When Plaintiff was terminated, she was informed that "it was not worth keeping [Plaintiff],
12  a part-time employee, on."

13  21.    Therefore, Defendants terminated Plaintiff because of her disability, in violation of
14  Government Code §12940(a).

15  22.    Prior to terminating Plaintiff for excessive absences due to her disability, Defendants never
16  engaged in an interactive process to determine whether Plaintiff could perform, or even attend, her
17  job without accommodations.

18  23.    Therefore, Defendants have violated Government Code §12940(n).

19  24.    This failure necessarily caused Defendants' failure to offer Plaintiff *any* accommodations
20  for her disability; Defendants simply terminated Plaintiff's employment because accommodating a
21  part-time employee wasn't worth it to them.

22  25.    Therefore, Defendants have violated Government Code §12940(m).

23  26.    Defendants failed to implement, or follow, any policies designed to prevent the blatant
24  discrimination which Plaintiff experienced from occurring.

25  27.    Therefore, Defendants have violated Government Code §12940(k).

26  ///

27  ///

28  ///

**FIRST CAUSE OF ACTION**

**Employment Discrimination (Gov. Code §12940(a))**

**By Plaintiff Against All Defendants**

28.     Plaintiff incorporates by reference the paragraphs above.

29.     Pursuant to Government Code §12940(a), it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person in the terms, conditions, or privileges of employment on the basis of, among other things, the person's disability.

30.     Plaintiff was employed by Defendants between 2014 and March 6, 2021.

31.     Plaintiff was subjected to discriminatory conduct, as described above and incorporated herein, because of her disability.

32.     As a direct, and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

33.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, in also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code §12965(b).


**SECOND CAUSE OF ACTION**

**Failure to Engage in a Timely Good Faith Interactive Process (Gov. Code §12940(n))**

**By Plaintiff Against All Defendants**

34.     Plaintiff incorporates by reference the paragraphs above.

35.     Pursuant to Government Code §12940(n), it is unlawful for an employer to fail to engage in a timely, good faith interactive process to determine effective reasonable accommodations, if any, for an employee or applicant with a disability.

36.     At all relevant times in this Complaint, Plaintiff was disabled within the meaning of FEHA. Alternatively, Defendants perceived Plaintiff as being disabled.

37.     At all relevant times mentioned in this Complaint, Defendants were aware of Plaintiff's

1   disability because Plaintiff made it known to Defendants.

2   38.   Defendants were aware of Plaintiff's need for accommodations through Plaintiff's medical

3   records and communications.

4   39.   Plaintiff, in good faith, requested that Defendants engage in an interactive process to

5   determine an effective reasonable accommodation for her disability.

6   40.   Defendants violated Government Code §12940(n) by failing to engage in a good faith

7   interactive process with Plaintiff.

8   41.   As a direct, and proximate result of Defendants' conduct, Plaintiff has suffered and

9   continues to suffer substantial losses in earnings and job benefits, humiliation, embarrassment,

10  mental and emotional distress, all to Plaintiff's damage in an amount in excess of the minimum

11  jurisdiction of this Court, the precise amount of which will be proven at trial.

12  42.   Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, in also

13  entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant

14  to Government Code §12965(b).

15

16                          **THIRD CAUSE OF ACTION**

17        **Failure to Provide Reasonable Accommodation (Gov. Code §12940(m))**

18                        **By Plaintiff Against All Defendants**

19  43.   Plaintiff incorporates by reference the paragraphs above.

20  44.   Pursuant to Government Code §12940(m), it is unlawful for an employer to fail to make

21  reasonable accommodations for an applicant or employee with a disability. The employer also has

22  an affirmative duty to, among other things, inform employees and applicants with a disability of

23  other job opportunities and ascertain whether the employee or applicant is interested in, or qualified

24  for said position. Additionally, an employer who regards an employee as disabled also has a duty to

25  provide reasonable accommodations for that employee.

26  45.   At all relevant times mentioned in this Complaint, Plaintiff was disabled and/or perceived

27  by Defendants as disabled and, as such, Defendants who were aware of Plaintiff's disabilities,

28  and/or who regarded Plaintiff as disabled, had a duty to provide Plaintiff with reasonable

1    accommodations.

2    46.    Defendants violated Government Code §12940(m) by refusing to provide a reasonable

3    accommodation for Plaintiff's disabilities.

4    47.    As a direct, and proximate result of Defendants' conduct, Plaintiff has suffered and

5    continues to suffer substantial losses in earnings and job benefits, humiliation, embarrassment,

6    mental and emotional distress, all to Plaintiff's damage in an amount in excess of the minimum

7    jurisdiction of this Court, the precise amount of which will be proven at trial.

8    48.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, in also

9    entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant

10    to Government Code §12965(b).

11

12                              **FOURTH CAUSE OF ACTION**

13    **Failure to Take All Reasonable Steps Necessary to Prevent Discrimination from Occurring**

14                              **(Gov. Code §12940(k))**

15                          **By Plaintiff Against All Defendants**

16    49.    Plaintiff incorporates by reference the paragraphs above.

17    50.    During the course and scope of Plaintiff's employment, and after, Defendants failed to

18    prevent the above-referenced acts of discrimination towards Plaintiff in violation of Government

19    Code §12940(k).

20    51.    As a direct, and proximate result of Defendants' conduct, Plaintiff has suffered and

21    continues to suffer substantial losses in earnings and job benefits, humiliation, embarrassment,

22    mental and emotional distress, all to Plaintiff's damage in an amount in excess of the minimum

23    jurisdiction of this Court, the precise amount of which will be proven at trial.

24    52.    Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, in also

25    entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant

26    to Government Code §12965(b).

27    53.

28

**PRAYER**

First Cause of Action

1. Compensatory damages;

2. Declaratory and injunctive relief;

3. Attorneys' fees and costs;

4. Interest;

5. Other relief the court deems proper

Second Cause of Action

1. Compensatory damages;

2. Declaratory and injunctive relief;

3. Attorneys' fees and costs;

4. Interest;

5. Other relief the court deems proper

Third Cause of Action

1. Compensatory damages;

2. Declaratory and injunctive relief;

3. Attorneys' fees and costs;

4. Interest;

5. Other relief the court deems proper

Fourth Cause of Action

1. Compensatory damages;

2. Declaratory and injunctive relief;

3. Attorneys' fees and costs;

4. Interest;

5. Other relief the court deems proper

1

2   Date:   May 20, 2022                          FRONTIER LAW CENTER

3                                                 ┌─DocuSigned by:

4                                                 _Joseph Gross_____
                                                  Joseph A. Gross

5                                                 Attorney for Plaintiff
                                                  LYDIA RENTERIA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT B



# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | JJ Jacobson-Allen<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |

| | |
|---|---|
| Electronic copy provided to: | Heather Hunter |

| | |
|---|---|
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Lydia Renteria vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Lydia Renteria vs. Dollar Tree Stores, Inc. (12368126) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Fresno County Superior Court, CA |
| **Case/Reference No:** | 22CECG01544 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/27/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Frontier Law Center<br>818-914-3433 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

CAMILO ECHAVARRIA (State Bar No. 192481)
   camiloechavarria@dwt.com
TERESA FITZGERALD (State Bar No. 152558)
   teresafitzgerald@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
DOLLAR TREE STORES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF FRESNO

| | |
|---|---|
| LYDIA RENTERIA, an individual<br><br>                         Plaintiff,<br><br>          vs.<br><br>DOLLAR TREE STORES, INC., a Virginia Corporation doing business in California; and DOES 1 to 100, inclusive,<br><br>                         Defendants. | Case No. **22CECG01544**<br><br>Assigned to the Hon. Rosemary McGuire<br>Dept.:  502<br><br>**ANSWER TO COMPLAINT BY DEFENDANT DOLLAR TREE STORES, INC.**<br><br>Action Filed:  May 20, 2022 |

Defendant Dollar Tree Stores, Inc. ("Defendant"), answering for itself and no others, in response to the unverified Complaint for Damages ("Complaint") filed by Plaintiff Lydia Renteria ("Plaintiff"), responds as follows:

## GENERAL DENIAL

1.     Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action therein.

2.     Defendant further denies that Plaintiff has sustained any injury, damage or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any of the damages alleged in the Complaint.

3.     Defendant further denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff is entitled to damages against Defendant in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each and every cause of action therein, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure Sections 335.1, 337, 338, 339, 340, California Civil Code Sections 52(b)(2), California Government Code Section 12960(d) and 12965(b), and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches/Waiver/Estoppel/Unclean Hands)

3.    The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Fulfill Administrative Prerequisites)

4.    Plaintiff is precluded from asserting some or all of Plaintiff's claims to the extent that Plaintiff has failed to satisfy and exhaust the administrative prerequisites for bringing such claims, and/or to the extent the Complaint is based on alleged acts or omissions not encompassed in the charges filed by Plaintiff with the California Department of Fair Employment and Housing.

### FIFTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Exclusivity)

5.    As to any claim by Plaintiff for physical, mental or emotional distress arising out of Plaintiff's employment, any such claim is barred in whole or in part by the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*, which provides the exclusive remedy for such injuries.

### SIXTH AFFIRMATIVE DEFENSE

#### (Reasonable Care/Failure to Complain)

6.    The Complaint, and each and every cause of action therein, is barred because (a) Defendant exercised reasonable care to prevent and correct promptly any alleged unlawful, discriminatory behavior; (b) Plaintiff failed to exercise reasonable care, as required by California Labor Code Sections 2853 and 2854; and/or (c) Plaintiff failed to take reasonable advantage of any preventive or corrective opportunities provided by Defendant by, *inter alia,* utilizing or exhausting Defendant's internal complaint procedures or to otherwise notify Defendant of the allegations made in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Fault of Plaintiff and/or Third Parties)

7.    If Plaintiff sustained any damages, which Defendant denies, such damages were

ANSWER TO COMPLAINT
4896-1995-1909v.1 0068366-000084

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable

2  conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third

3  parties, or Plaintiff and/or third parties otherwise were at fault.  Plaintiff is therefore not entitled to

4  any relief under the Complaint or under any cause of action purported to be alleged against

5  Defendant therein, or Plaintiff's recovery, if any, should thereby be reduced in proportion to

6  Plaintiff's fault, or the fault of third parties.

7  ## EIGHTH AFFIRMATIVE DEFENSE

8  ### (Conduct Not Ratified)

9  8.      If any of the alleged wrongful acts in the Complaint were committed by

10  Defendant's employees or by third parties not employed by Defendant, although such is not

11  herein or hereby admitted and is specifically denied, then such actions were committed outside the

12  scope of employment, and/or such conduct was unknown to, and not ratified by, Defendant, and

13  thus Defendant is not liable for them.

14  ## NINTH AFFIRMATIVE DEFENSE

15  ### (Improper Forum, Arbitration)

16  9.      Plaintiff agreed to arbitrate the dispute at issue.  Plaintiff has failed to comply with

17  that agreement to arbitrate, and that agreement precludes this litigation.

18  ## TENTH AFFIRMATIVE DEFENSE

19  ### (Employment At-Will)

20  15.      The Complaint, and each and every cause of action therein, is barred because

21  Plaintiff was an employee at will pursuant to California Labor Code Section 2922 and was not

22  entitled to continued employment.

23  ## ELEVENTH AFFIRMATIVE DEFENSE

24  ### (After-Acquired Evidence)

25  17.      The Complaint, and each and every cause of action therein, is barred to the extent

26  that Defendant has discovered facts, or may later discover facts, which, if known to Defendant

27  prior to Plaintiff's termination of employment, would have created additional grounds or bases for

28  Defendant's decision to terminate Plaintiff's employment.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Factors / Mixed-Motive)

18. Even if Plaintiff could prove that an illegal motive was a factor in any employment action by Defendant – although such is not hereby admitted and is specifically denied – there were other legitimate factors that motivated the action.  Defendant asserts that it would have taken the same action with respect to Plaintiff in the absence of any impermissible motivating factors.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Perception or Knowledge of Disability)

20. The Complaint, and each and every cause of action therein, is barred to the extent Defendant did not perceive that Plaintiff had a disability and/or lacked knowledge of Plaintiff's alleged disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship – Failure to Accommodate and Failure to Engage in Interactive Process Causes of Action)

21. The failure to accommodate and failure to engage in interactive process causes of action are barred to the extent that no reasonable accommodation was possible without undue hardship to Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Duties – Failure to Accommodate and Failure to Engage in Interactive Process Causes of Action)

22. The failure to accommodate and failure to engage in interactive process causes of action are barred to the extent that there was no other job position available for which Plaintiff was qualified and capable of performing with or without accommodation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Request for Reasonable Accommodation – Failure to Accommodate and Failure to Engage in Interactive Process Causes of Action)

23. The failure to accommodate and failure to engage in interactive process causes of action are barred to the extent that Plaintiff did not adequately request reasonable accommodation for Plaintiff's alleged disability, did not provide adequate documentation showing the need for

Davis Wright Tremaine LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reasonable accommodation for Plaintiff's alleged disability, and otherwise failed to cooperate in the interactive process that may have been required.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Proximate Causation)

24.     Any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

25.     The Complaint, and each and every cause of action therein, is barred because Plaintiff would be unjustly enriched if Plaintiff is permitted to recover on the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

26.     While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action to mitigate or minimize Plaintiff's alleged damages.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

28.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by way of the Complaint;

2.     That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.     That Defendant be awarded its costs of suit;

ANSWER TO COMPLAINT
4896-1995-1909v.1 0068366-000084

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4.     That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.     For such other and further relief as the Court deems just and proper.

DATED: June 27, 2022

DAVIS WRIGHT TREMAINE LLP
CAMILO ECHAVARRIA
TERESA FITZGERALD

By:_____
            Camilo Echavarria

Attorneys for Defendant
DOLLAR TREE STORES, INC.

ANSWER TO COMPLAINT
4896-1995-1909v.1 0068366-000084

7

## PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On June 27, 2022, I served the foregoing document(s) described as:

**ANSWER TO COMPLAINT BY DEFENDANT DOLLAR TREE STORES, INC.**

by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Joseph Gross                                          Tel: 818.914.3433
Frontier Law Center                                 Email: joseph@frontierlawcenter.com
23901 Calabasas Road, Suite 2074
Calabasas, CA  91302

Attorneys for Plaintiff Lydia Renteria

☒      I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on June 27, 2022, at Los Angeles, California.

☒      State          I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐      Federal       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Monica Davis
_____          _____
Print Name                                            Signature

PROOF OF MAIL SERVICE
4896-1995-1909v.1 0068366-000084

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT D

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Joseph Gross (332258)<br>Frontier Law Center 23901 Calabasas Rd #2074, Calabasas, CA 91302<br>TELEPHONE NO.: (818) 914-3433  FAX NO. *(Optional):*<br>E-MAIL ADDRESS: joey@frontierlawcenter.com<br>ATTORNEY FOR *(Name):* Plaintiffs Lydia Renteria | **FOR COURT USE ONLY**<br><br>E-FILED<br>5/20/2022 10:44 AM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **FRESNO**
STREET ADDRESS: 1130 O Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno 93721
BRANCH NAME: B. F. Sisk Courthouse

CASE NAME:
Lydia Renteria v. Dollar Tree Stores Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 22CECG01544 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: May 20, 2022
Joseph Gross
_____
(TYPE OR PRINT NAME)

*DocuSigned by:*
*Joseph Gross*
—————————————————
3E8CC57BBCB84D3... (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. September 1, 2021]    **CIVIL CASE COVER SHEET**    Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]    [ Save this form ]    [ Clear this form ]

# EXHIBIT E

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOLLAR TREE STORES, INC., a Virginia Corporation doing business in California; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LYDIA RENTERIA, an individual,

E-FILED
5/23/2022
Superior Court of California
County of Fresno
By: I. Herrera, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Superior Court of California, County of Fresno
B. F. Sisk Courthouse
1130 O Street, Fresno, CA 93721

CASE NUMBER: *(Número del Caso):*
**22CECG01544**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frontier Law Center, 23901 Calabasas Rd., #2074, Calabasas, CA 91302

DATE: 5/23/2022
*(Fecha)*

Clerk, by /s/ I. Herrera , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Dollar Tree Stores, inc.
   under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT F

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>5/23/2022<br><br>**Filed by Court** |

TITLE OF CASE:

**Lydia Renteria vs. Dollar Tree  Stores Inc.**

| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**22CECG01544** |
|---|---|

**To All Parties and their Attorneys of Record:**   Joseph A Gross
Frontier Law Center
23901 Calabasas Road # 2074
Calabasas CA  91302

---

This case has been assigned to **Rosemary McGuire,** Judge for **all purposes.**
All future hearings will be scheduled before this assigned judge, in **Department 502**

---

You are required to appear at a Case Management Conference on **09/21/2022**  at **3:30 PM** in **Department 402** of the Court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in the Superior Court of Fresno County, Local Rules, Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you. If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **5/23/2022** _____         Clerk, by   ____ I. Herrera ____ _____ , Deputy

---

CV-48  R07-21

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

OPTIONAL